IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MADELINE KRASNO,

    Plaintiff,

    v.                      Case No. 21-CV-00099-SLC

BOARD OF REGENTS OF
UNIVERSITY OF WISCONSIN,
REBECCA BLANK, CHARLES
HOSLET, JOHN LUCAS, MIKE KLEIN,
and NATE MOLL, in their official
capacities,

    Defendants.

## ANSWER OF DEFENDANTS

Defendants Board of Regents of the University of Wisconsin System, Rebecca Blank, in her official capacity as Chancellor for the University of Wisconsin-Madison, Charles Hoslet, in his official capacity as Vice Chancellor for University Relations for the University of Wisconsin-Madison, John Lucas, in his official capacity as Assistant Vice Chancellor for University Communications for the University of Wisconsin-Madison, Mike Klein, in his official capacity as Director for News Content and Editorial Projects for the University of Wisconsin-Madison, and Nate Moll, in his official capacity as Social Media Specialist for the University of Wisconsin-Madison, hereby

answer the Complaint for Declaratory and Injunctive Relief filed by Plaintiff Madeline Krasno, and raise defenses.

## INTRODUCTION

1. As to paragraph 1 of the Complaint, Defendants ADMIT that the University has an Instagram account and a Facebook page which publish messages, images photos and comments; Defendants ALLEGE that the remaining allegations contain legal conclusions to which no response is required; as to the remaining allegations, DENY.

2. As to paragraph 2 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent a response is required, DENY.

3. As to the first sentence of paragraph 3 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent a response is required, DENY. As to the second sentence, Defendants DENY. As to the remaining sentences, Defendants ADMIT but DENY there are limitless topics and subjects of debate.

4. As to the first sentence of paragraph 4 of the Complaint, Defendants DENY. As to the first clause of the second sentence of paragraph 4 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent a response is required, Defendants DENY. As to the remaining sentences, Defendants

DENY except ADMIT a $74,000 fine by the United States Department of Agriculture (USDA) in April 2020.

5. As to the first sentence of paragraph 5 of the Complaint, Defendants ADMIT that Plaintiff was temporarily restricted from participation on the @uwmadison Instagram account and DENY the remaining allegations. As to the remaining sentences, Defendants DENY.

6. As to paragraph 6 of the Complaint, Defendants DENY.

## JURISDICTION AND VENUE

7. As to paragraph 7 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required.

8. As to paragraph 8 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required.

## PARTIES

9. As to paragraph 9 of the Complaint, Defendants ADMIT that Plaintiff is an alumna of the University and worked at the Harlow Primate Laboratories; Defendants lack knowledge or information sufficient to form a belief concerning the remaining allegations contained therein and therefore DENY.

10. As to the first sentence of paragraph 10 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required. As to the second sentence, Defendants admit that the

University conducts research on animals, including nonhuman primates at the Harlow Primate Laboratories and the Wisconsin National Primate Research Center. As to the third sentence, Defendants ADMIT. As to the last sentence, Defendants ADMIT that the University has hidden some of Plaintiff's comments on Instagram and Facebook, temporarily restricted Plaintiff from commenting on Instagram, and DENY the remaining allegations.

11. As to paragraph 11 of the Complaint, Defendants DENY that Defendant Blank "oversees the University's social media communications," and ADMIT the remaining allegations.

12. As to paragraph 12 of the Complaint, Defendants DENY that Defendant Hoslet "oversees the University's social media communications," and ADMIT the remaining allegations.

13. As to paragraph 13 of the Complaint, Defendants ADMIT.

14. As to paragraph 14 of the Complaint, Defendants ADMIT.

15. As to paragraph 15 of the Complaint, Defendants ADMIT.

## FACTUAL BACKGROUND

### Instagram

16. As to the first sentence of paragraph 16 of the Complaint, Defendants ADMIT. As to the second sentence, Defendants DENY users disseminate contents on virtually any topic and ADMIT the remaining allegations. As to the third sentence, Defendants lack knowledge or

information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

17. As to the last sentence of paragraph 17 of the Complaint, Defendants DENY. As to the remaining sentences, Defendants ADMIT.

18. As to the allegation in paragraph 18 of the Complaint that all users receive posts from an account that will automatically populate, Defendants DENY. As to the date of the screen shot of the post referenced, Defendants lack knowledge or information sufficient to form a belief and therefore DENY. As to the remaining allegations, Defendants ADMIT.

19. As to paragraph 19 of the Complaint, Defendants ADMIT.

20. As to paragraph 20 of the Complaint, Defendants ADMIT.

21. As to paragraph 21 of the Complaint, Defendants ADMIT.

22. As to paragraph 22 of the Complaint, Defendants ADMIT.

23. As to paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

24. As to paragraph 24 of the Complaint, Defendants ADMIT.

25. As to paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

26. As to paragraph 26 of the Complaint, Defendants ADMIT.

27. As to paragraph 27 of the Complaint, Defendants ADMIT.

28. As to the allegations in paragraph 28 of the Complaint that "Instagram users can also 'follow' or subscribe to other users' accounts so that they automatically receive posts from those accounts when they login to Instagram," Defendants DENY. As to the screen shot of the post referenced, Defendants lack knowledge or information sufficient to form a belief and therefore DENY. As to the remaining allegations, Defendants ADMIT.

29. As to paragraph 29 of the Complaint, Defendants ADMIT.

30. As to the last sentence of paragraph 30 of the Complaint, Defendants DENY. As to the remaining sentences, Defendants ADMIT.

31. As to the first sentence of paragraph 31 of the Complaint, Defendants ADMIT. As to the second sentence, Defendants ADMIT that comments posted by these users will remain unseen by anyone but themselves and DENY the remaining allegations.

32. As to paragraph 32 of the Complaint, Defendants ADMIT.

**Facebook**

33. As to the first sentence in paragraph 33 of the Complaint, Defendants ADMIT. As to the second sentence, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

34. As to paragraph 34 of the Complaint, Defendants ADMIT.

35. As to paragraph 35 of the Complaint, Defendants ADMIT except Defendants lack knowledge or information sufficient to form a belief concerning the date Plaintiff took the screen shot and therefore DENY.

36. As to paragraph 36 of the Complaint, Defendants ADMIT.

37. As to the first full sentence of paragraph 37 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY. As to the second full sentence that "Pages" are public spaces that allows an entity to interact with the general public, even those without a Facebook account, Defendants ALLEGE that this is a legal conclusion to which no response is required, but to the extent a response is required, DENY.

38. As to paragraph 38 of the Complaint, Defendants ADMIT.

39. As to paragraph 39 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

40. As to the allegation in the first sentence of paragraph 40 of the Complaint that the Page's posts are public spaces, Defendants ALLEGE that these are legal conclusions to which no response is required, but to the extent a response is required, DENY; as to the allegation that a Page's posts are by default open to the public, Defendants lack knowledge or information sufficient

to form a belief concerning the allegation therein and therefore DENY. As to the remaining allegations, Defendants DENY.

41. As to paragraph 41 of the Complaint, Defendants ADMIT.

42. As to paragraph 42 of the Complaint, Defendants ADMIT.

**The University's @uwmadison Instagram Account**

43. As to paragraph 43 of the Complaint, Defendants ADMIT.

44. As to paragraph 44 of the Complaint, Defendants ADMIT.

45. As to paragraph 45 of the Complaint, Defendants DENY posts are updated every day of the week and, as to the remaining allegations, ADMIT.

46. As paragraph 46 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent one is required, Defendants DENY.

47. As to paragraph 47 of the Complaint, Defendants ADMIT.

48. As to paragraph 48 of the Complaint, Defendants ADMIT.

49. As to paragraph 49 of the Complaint, Defendants ADMIT.

50. As to paragraph 50 of the Complaint, Defendants DENY.

51. As to the first sentence of paragraph 51 of the Complaint, Defendants ADMIT the University has an official statement on social media posted to its website; as to the remaining allegations, DENY. As to the last sentence, Defendants DENY.

52. As to paragraph 52 of the Complaint, Defendants ALLEGE that the allegation that students and the public routinely petition the University through comments is a legal conclusion to which no response is required, but to the extent a response is required, Defendants DENY. As to the remaining allegations, Defendants ADMIT.

53. As to paragraph 53 of the Complaint, Defendants ADMIT the referenced posts are on the University's Instagram account; as to the remaining allegations, DENY.

54. As to paragraph 54 of the Complaint, Defendants ALLEGE that the reference to a forum is a legal conclusion to which no response is required, but to the extent a response is required, Defendants DENY; as to the remaining allegations, ADMIT.

55. As to paragraph 55 of the Complaint, Defendants ALLEGE that the allegation regarding a "town crier" is a legal conclusion to which no response is required, but to the extent a response is required, Defendants DENY; as to the remaining allegations, ADMIT.

**The University's @UWMadison Facebook Page**

56. As to paragraph 56 of the Complaint, Defendants ADMIT.

57. As to the first sentence in paragraph 57 of the Complaint, Defendants lack knowledge or information sufficient to form a belief and therefore DENY. As to the second sentence, Defendants ADMIT.

58. As to the first sentence of paragraph 58 of the Complaint, Defendants lack information sufficient to form a belief concerning the allegations contained therein and therefore DENY. As to the second sentence, Defendants ADMIT. As to the last sentence, Defendants DENY.

59. As to the first sentence of paragraph 59 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY. As to the second sentence, Defendants ADMIT. As to the screen shot of the post referenced, Defendants ADMIT it is from the University's Facebook Page but lack knowledge or information regarding the date Plaintiff took a screenshot and therefore DENY; and DENY that the post is representative of comments and replies of debate on the University's mobile COVID-19 testing facility.

60. As to paragraph 60 of the Complaint, Defendants ADMIT.

61. As to paragraph 61 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

62. As to paragraph 62 of the Complaint, Defendants ADMIT except DENY that many comments "remain."

63. As to paragraph 63 of the Complaint, Defendants ADMIT that the University made a post on June 29, 2016, regarding the zika virus and a

commentor urged closing down the primate labs; Defendants DENY that this comment was "permitted." As to the remaining allegations, Defendants DENY.

**The University's Controversial Research on Primates**

Defendants DENY the allegations in the above heading.

64. As to paragraph 64 of the Complaint, Defendants ADMIT that the Harlow Primate Laboratories and Wisconsin National Primate Research Center at the University are the primary University facilities at which research on non-human primates is conducted and DENY the remaining allegations.

65. As to paragraph 65 of the Complaint, Defendants DENY that the Primate Research Center kept 1865 non-human primates at is facility in 2017 and ADMIT the remaining allegations.

66. As to paragraph 66 of the Complaint, Defendants ADMIT that the Harlow Primate Laboratories was borne from the work of Harry Harlow who was a physiological psychologist and studied early rearing and that there is controversy over research on non-human primates and DENY the remaining allegations.

67. As to paragraph 67 of the Complaint, Defendants DENY.

68. As to paragraph 68 of the Complaint, Defendants DENY.

69. As to the first and last sentences of paragraph 69 of the Complaint, Defendants DENY. As to the remaining sentences, Defendants ADMIT that

11

the University entered into settlement agreement with USDA in 2014 of which only two alleged violations directly related to welfare of animals, neither of which were a "botched" surgery, and DENY the remaining allegations.

70. As to paragraph 70 of the Complaint, Defendants ADMIT the USDA issued a $74,000 fine in April 2020 and that one alleged violation involved a traumatic injury one primate sustained after the University returned the primate to a cage following a previous act of aggression by a cage mate; as to the remaining allegations, Defendants DENY.

71. As to the first and last sentences of paragraph 71 of the Complaint, Defendants DENY. As to the remaining sentence, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

72. As to paragraph 72 of the Complaint, Defendants DENY.

73. As to first sentence of paragraph 73 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY. As to the second sentence of paragraph 73, Defendants DENY the NIH investigation is ongoing.

**The University's Censorship of Krasno on Instagram**

Defendants DENY the allegations in the above heading.

74. As to paragraph 74 of the Complaint, Defendants DENY.

75. As to paragraph 75 of the Complaint, Defendants ADMIT.

76. As to paragraph 76 of the Complaint, Defendants DENY.

77. As to paragraph 77 of the Complaint, Defendants ADMIT that Plaintiff was restricted for a period of time starting around September 2020, that Plaintiff made the screen shot of the post referenced, and that this post was restricted; as to the remaining allegations, DENY.

78. As to paragraph 78 of the Complaint, Defendants ADMIT the screen shot reflects a post by the University. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief and therefore DENY.

79. As to paragraph 79 of the Complaint, Defendants DENY Plaintiff commented on November 11, 2020; as to the remaining allegations, ADMIT.

80. As to paragraph 80 of the Complaint, Defendants ADMIT that Plaintiff's post on December 22, 2020, was restricted. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief and therefore DENY.

81. As to paragraph 81 of the Complaint, Defendants DENY.

82. As to paragraph 82 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent one is required, Defendants DENY.

83. As to paragraph 83 of the Complaint, Defendants DENY.

84. As to paragraph 84 of the Complaint, Defendants DENY.

85. As to paragraph 85 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

86. As to paragraph 86 of the Complaint, Defendants ADMIT that users may comment, reply, and respond; as to the remainder of the allegations, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent one is required, Defendants DENY.

87. As to paragraph 87 of the Complaint, Defendants DENY.

88. As to the first sentence of paragraph 88 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent one is required, Defendants DENY. As to the second and third sentences, Defendants DENY.

89. As to paragraph 89 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent one is required, Defendants DENY.

**The University's Censorship on Krasno on Facebook**

Defendants DENY the allegations in the above heading.

90. As to the allegation in paragraph 90 of the Complaint that there is a public space within the University's Facebook Page, Defendants ALLEGE the allegation is a legal conclusion to which no response is required, but to the

extent one is required, Defendants DENY. As to the remaining allegations, Defendants ADMIT.

91. As to paragraph 91 of the Complaint, Defendants ADMIT that in the past Plaintiff's off topic comments were filtered out by auto moderation tools; as to the remaining allegations, Defendants DENY.

92. As to paragraph 92 of the Complaint, Defendants ADMIT that the University made the cited Facebook post on December 9, 2020, and Krasno posted a comment. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

93. As to paragraph 93 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

94. As to paragraph 94 of the Complaint, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent one is required, Defendants DENY.

95. As to paragraph 95 of the Complaint, Defendants DENY.

96. As to paragraph 96 of the Complaint, Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained therein and therefore DENY.

97. As to paragraph 97 of the Complaint, Defendants ADMIT that users can comment, reply, and respond; as to the remainder, Defendants ALLEGE that the allegations contain legal conclusions to which no response is required, but to the extent one is required, Defendants DENY.

98. As to paragraph 98 of the Complaint, Defendants DENY.

99. As to the second sentence of paragraph 99 of the Complaint, Defendants ADMIT; as to the remainder, DENY.

100. As to paragraph 100 of the Complaint, Defendants DENY.

## CLAIMS FOR RELIEF

### First Claim for Relief
### Violation of First Amendment of the U.S. Constitution
### (Declaratory and Injunctive Relief)

Defendants DENY the allegations in the above heading.

101. As to paragraph 101 of the Complaint, Defendants repeat the responses to the allegations set forth above as if set forth in full.

102. As to paragraph 102 of the Complaint, Defendants DENY.

103. As to paragraph 103 of the Complaint, Defendants DENY.

### Second Claim for Relief
### Violation of First Amendment of the U.S. Constitution
### (Declaratory and Injunctive Relief)

Defendants DENY the allegations in the above heading.

104. As to paragraph 104 of the Complaint, Defendants repeat the responses to the allegations set forth above as if set forth in full.

105. As to paragraph 105 of the Complaint, Defendants DENY.

106. As to paragraph 106 of the Complaint, Defendants DENY.

## REQUEST FOR RELIEF

a.—d. Defendants DENY that Plaintiff is entitled to any of the relief requested.

## FURTHER RESPONSE

Defendant DENIES any factual allegations in the Complaint not expressly admitted herein.

## DEFENSES

1. All or some of Defendants must be dismissed based on sovereign immunity/Eleventh Amendment immunity.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Defendants reserve the right to name additional defenses as they may become known through further discovery or otherwise in this action.

WHEREFORE, Defendants demands judgment in this favor and against Plaintiff, dismissing Plaintiff's complaint, and an order awarding Defendants attorney fees, as well as such other and further relief as the Court deems appropriate under the circumstances.

Dated this 15th day of June 2021.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

<u>s/ Steven C. Kilpatrick</u>
STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

BRIAN P. KEENAN
Assistant Attorney General
State Bar # 1056525

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-0020 (Keenan)
(608) 294-2907 (Fax)
kilpatricksc@doj.state.wi.us
keenanbp@doj.state.wi.us