IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MADELINE KRASNO,

                          Plaintiff,                          OPINION AND ORDER

    v.                                                                21-cv-99-wmc

JENNIFER MNOOKIN,[1] CHARLES HOSLET,
JOHN LUCAS, MIKE KLEIN, and NATE MOLL,

                          Defendants.

       Plaintiff Madeline Krasno is a self-described advocate for humane treatment of animals.  In this civil action, she seeks declaratory and injunctive relief, as well as nominal damages, claiming that the University of Wisconsin-Madison ("UW") Chancellor and several of UW officials responsible for communications violated her First Amendment rights by censoring her speech in the comment threads on the UW's Instagram and Facebook accounts related to alleged animal abuse in UW primate testing facilities.  The Court of Appeals for the Seventh Circuit reversed this court's original opinion granting summary judgment to defendants and remanded the case with instructions to enter judgment for plaintiff consistent with its opinion.[2]  *Krasno v. Mnookin*, 148 F.4th 465 (7th Cir. 2025).  After remand, however, the parties were unable to agree on a proposed final judgment, especially as to plaintiff's request for injunctive relief, so they sought and received approval from this court to file simultaneous briefs and proposed final judgments.

---

[1] The court has substituted Jennifer Mnookin, the current Chancellor for the University of Wisconsin-Madison, for her predecessor, Rebecca Blank.  (Dkt. #64, at n.1.)

[2] By consent of the parties, Magistrate Judge Stephan Crocker originally considered this case on the merits.  Having retired by the time of remand, the case was randomly reassigned to me.

(Dkt. ##75-76, 79.)  Having reviewed those submissions (dkt. ##80-82), the court will enter a declaratory judgment and direct plaintiff to submit a request for attorneys' fees, but it declines to enter an injunction at this time for the reasons set forth below.

BACKGROUND[3]

On November 2, 2022, Magistrate Judge Crocker denied plaintiff's motion for summary judgment and granted summary judgment for defendants, holding that:  (1) UW's rule allowing for moderation of off-topic comments was reasonable and viewpoint neutral, as well as furthered a permissible interest in preserving the university's interactive comment threads for discussion of the subjects it had originally posted; (2) the Eleventh Amendment bars plaintiff's official capacity claims related to the decision to restrict her Instagram account from September 2020 to January 2021, and hide her Facebook comment dated December 9, 2020; (3) plaintiff lacks standing to seek injunctive relief prohibiting UW from continuing to use keyword filters to exclude off-topic comments; (4) the individual defendants are entitled to qualified immunity with respect to plaintiff's claim that they restricted her account and hid some of her comments; and (5) plaintiff failed to state any viable claim that defendants violated her right to petition the government for redress of grievances.  (Dkt. #64.)

On appeal to the Seventh Circuit, plaintiff only challenged the ruling that her official-capacity claim challenging the UW's so-called "off-topic comment rule" -- as implemented through keyword filters, restricting her Instagram account, and manual

---

[3]For the underlying facts that both this court and the Seventh Circuit found were essentially undisputed, the reader is directed to 148 F.4th at 472-76.

moderation of individual comments -- was unconstitutional as applied to her. *Krasnos*, 148 F.4th at 476. On August 1, 2025, the Court of Appeals for the Seventh Circuit reversed, with Judge Easterbrook dissenting, holding this court's grant of summary judgment for defendants on that claim was in error, and remanded "with instructions to enter judgment for Krasno consistent with [its] opinion." *Id*. at 486. More specifically, the majority ruled in relevant part that: (1) plaintiff has standing to bring a First Amendment, as-applied challenge to the UW's social-media moderation policies; (2) while plaintiff can seek injunctive relief related to UW's ongoing implementation of its off-topic comment rule through keyword filters and discretionary manual moderation decisions, she cannot seek such relief for the discontinued restrictions on her Instagram account in 2020-2021 or the hiding of her Facebook comment in 2020; and (3) UW's "ill-defined, off-topic comment rule is neither reasonable nor viewpoint neutral" as currently written and applied to plaintiff, because it "discriminates against [plaintiff's] anti-animal testing and pro-animal rights viewpoint." *Id*. at 471-86. With respect to this last ruling, all three members of the panel agreed that UW's stated objective for its off-topic rule of "keep[ing] its comment threads unclogged, enabling its audience to interact with its posts," was legitimate, but the majority found UW's "bare instruction in its Social Media Statement that comments may be removed if 'off-topic' and its discretion-based practice of enforcing that statement through manual moderation decisions and keyword filters" was "inflexible and unresponsive to context," failed to provide "objective, workable standards" to guide its social media managers' discretion, and thus, created the potential for abuse, particularly as applied to Krasno's "pro-animal rights viewpoint." *Id*. at 485-86.

OPINION

Plaintiff now asks this court to enter final judgment in her favor by: (1) declaring that UW's "social media off-topic policy," as implemented against plaintiff, is "unconstitutional and viewpoint discriminatory under the First Amendment"; (2) permanently enjoining defendants from using keyword filters on UW's Instagram and Facebook pages and from "[c]ontinuing to implement their off-topic policy to manually moderate speech within its social media pages' comment threads"; and (3) award plaintiff attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). (Dkt. #82-2.) Defendants do not dispute that a declaration in plaintiff's favor is appropriate as to her free speech claim and that plaintiff is entitled to an award of reasonable attorneys' fees and costs, but they contend that the court need not and should not enter an injunction. Accordingly, the court will discuss the remaining dispute over plaintiff's request for injunctive relief before addressing the proper scope of declaratory relief.[4] In addition, the court will set briefing deadlines for the plaintiff's request for attorneys' fees and costs.

## I.    Injunctive Relief

The determination of whether to enter equitable relief in the form of an injunction in addition to a declaratory judgment is generally left to the discretion of the district court, *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010), just as was done here. As the Seventh Circuit explained in *Badger Catholic*, the principal difference between entry

---

[4] Defendants also ask the court to enter judgment in defendants' favor as to plaintiff's right-to-petition claim. However, neither plaintiff's appeal nor the appellate decision addressed the dismissal of plaintiff's right-to-petition claim. Thus, this court's original ruling on that claim and all other matters exclusive of those related to the off-topic comment rule stand.

of an injunction as opposed to just declaratory judgment "cannot be enforced by contempt proceedings, but it has the same effect as an injunction in fixing the parties' legal entitlement." *Id.* (citing *Steffel v. Thompson*, 415 U.S. 452, 466-71 (1974)). Indeed, as the *Badger Catholic* court further explained, "[a] litigant who tries to evade a federal court's judgment—and a declaratory judgment is a real judgment, not just a bit of friendly advice—will come to regret it." *Id.*

In her submission on judgment post-remand, plaintiff focused on the four-factor test set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). The court finds no fault in plaintiff's analysis, agreeing that the four factors are likely satisfied in this case, except that *eBay* concerned the conduct of two private parties, while a public entity like the University of Wisconsin is presumed to comply with this court's legal guidance. *See Badger Catholic*, 620 F.3d at 782 ("A [state university] litigant who tries to evade a federal court's judgment—and a declaratory judgment is a real judgment, not just a bit of friendly advice—will come to regret it."). Regardless, the question remains whether an injunction is necessary. Anticipating defendants' argument to the contrary, plaintiff points to the court of appeals holding that UW's "off-topic comment rule poses an ongoing threat of actual or imminent injury," which "is redressable because an injunction against the use of the keyword filters would remedy the injury allegedly caused by the filters blocking Krasno's speech." *Krasno*, 148 F.4th at 477 (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) ("[I]njunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.")). However, the court of appeals made these statements in the context of finding that plaintiff has *standing* to seek relief against

the university's moderation of her comments.  Accordingly, the statements appear to be more of a recognition that a violation of First Amendment rights constitutes irreparable injury, which could form a sufficient basis for the award of an injunction, rather than a directive to award an injunction, never mind the scope of any injunction.

Here, just as in *One Wisconsin Now v. Kremer*, Case No. 17-cv-820-wmc, 2019 WL 2162231 (W.D. Wis. May 17, 2019), in which this court imposed declaratory relief in lieu of a permanent injunction against defendant legislators who had blocked plaintiff's comments on their Twitter pages, "there are several reasons why an injunction may unnecessarily complicate this case." *Id*. at *1.  First, any injunction would need to be limited, so that it does not encroach on defendants' recognized right to limit off-topic comments for legitimate reasons not implicating First Amendment concerns.  *See id*. (finding similarly as to state legislator Twitter pages).  Second, as the Seventh Circuit recognized, defendants may in pursuit of that legitimate goal, choose to revise their existing off-topic comment rule, including the use of content-neutral, keyword filters under more workable standards that are both flexible and responsive to context and "articulate some sensible basis for distinguishing what may come in from what must stay out of its comment threads." *Krasno*, 148 F.4th at 485.  Third, and perhaps most importantly, short of a flat prohibition on the use of any keywords, which the Seventh Circuit's opinion seems to acknowledge would be too sweeping, this court would be hard pressed to give the litigants clear guidance on how to conduct themselves beyond that set forth in the aspirational language in that opinion, which with respect is far from specific enough to insure

meaningful enforcement in a subsequent contempt proceeding, much less to guide defendants to avoid a contempt citation unwittingly.

Further, defendants represent that they have not manually moderated plaintiff's speech within the comment threads in years, nor have they applied or used keyword filters to enforce the off-topic comment rule as to plaintiff since the Seventh Circuit issued its decision more than three months ago, as evidenced by the fact that plaintiff has not complained of any further improper action taken by defendants. (*See* dkt. #81, at 5.) More importantly, defendants further represent that they will not apply the off-topic comment rule to plaintiff or use keyword filters to enforce this rule as to plaintiff without revising any such practices to conform to the Seventh Circuit's instruction to create "objective, workable standards" that are applied in a viewpoint neutral manner.

These uncontradicted representations underscore that the immediate availability of a contempt proceeding offered by an injunction is not necessary here. *See One Wisconsin*, 2019 WL 2162231, *1 (declaratory judgment found sufficient following attestation by government officials that they unblocked plaintiff's social media account) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. Such abandonment is an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice, but that is a matter relating to the exercise rather than the existence of judicial power.")). While plaintiff vaguely argues that defendants' "broader conduct" in this case "heightens the threat that UW will continue to employ

7

unconstitutional means to moderate her speech" (dkt. #82, at 5), defendants have explicitly disavowed future application of its ill-defined and discriminatory practices and have committed to revising them to adhere to the Seventh Circuit's ruling. *Cf. Brown v. Kemp*, 86 F.4th 745, 769 (7th Cir. 2023) (finding in assessing standing that government official's "disavowal was not forward-looking and does not therefore diminish the otherwise credible threat of prosecution plaintiffs face"); *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) (explaining that there is a "credible threat of enforcement" giving rise to standing to seek declaratory and injunctive relief where a plaintiff "has been subject to past enforcement" and the defendant "has not disavowed future enforcement") (internal quotations omitted).

Accordingly, the court concludes a declaratory judgment will provide sufficient relief to plaintiff in this case, making an injunction an unnecessary and frankly unwieldy complication, especially since this court's doors are open to plaintiff should she believe that any future action smacks of bad faith, including implementation of any new off-topic rule that is not content neutral. *See Badger Catholic*, 620 F.3d at 782 ("If the entry of a regulatory injunction can be avoided by a simpler declaratory judgment, everyone comes out ahead.") (citing *Horne v. Flores*, 557 U.S. 433, 449 (2009) (discouraging the use of regulatory injunction in litigation against parts of state government)); *see also Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 579 (S.D.N.Y. 2018) (declining to enter an injunction despite finding blocking access to a Twitter Account violated plaintiff's First Amendment rights and allowed for the entry of such "because declaratory relief is likely to achieve the same purpose"). If plaintiff's "fears come to pass,

then more relief lies in store.  For now, however, a declaratory judgment suffices." *Badger Catholic*, 620 F.3d at 782 (holding same).

## II.     Declaratory Relief and Attorneys' Fees

While the parties agree that plaintiff is entitled to declaratory relief, defendants seek to make clear that her relief is limited to her free speech claim and does not encompass her right-to-petition claim, the dismissal of which the court of appeals did not overturn. Therefore, this court will enter an amended judgment in favor of plaintiff and against defendants Jennifer Mnookin, Charles Hoslet, Mike Klein, John Lucas, and Nate Moll, in their official capacities, declaring that the University of Wisconsin-Madison's social media, off-topic comment rule, as implemented against Krasno, violated her rights to free speech under the First Amendment by discriminating against her anti-animal testing and pro-animal viewpoint.  In addition, judgment will be entered in favor of defendants and against plaintiff as to plaintiff's First Amendment petition-clause claim.

Finally, because the parties agree that plaintiff is entitled to an award of reasonable attorneys' fees and costs, plaintiff will be provided an opportunity to submit a motion and supporting material for such an award, to which defendants may respond in kind.  The court will enter final judgment after ruling on any such motion.

ORDER

IT IS ORDERED that:

1) The motion to enter judgment filed by defendants Jennifer Mnookin, Charles Hoslet, Mike Klein, John Lucas, and Nate Moll (dkt. #80) is GRANTED IN PART and DENIED IN PART as follows:

9

    a. Plaintiff's request for a permanent injunction (dkt. #82) is DENIED.

    b. The parties' requests for a declaratory judgment as to plaintiff's First Amendment free-speech claim (dkt. ##81-82) are GRANTED as follows: The University of Wisconsin-Madison's social media off-topic comment rule, as implemented against Krasno, violated her right to free speech under the First Amendment by discriminating against her anti-animal testing and pro-animal viewpoint for the reasons set forth in *Krasno v. Mnookin*, 148 F.4th 465 (7th Cir. 2025).

    c. Defendants' request for a declaratory judgment in their favor as to plaintiff's First Amendment petition-clause claim (dkt. #81) is GRANTED.

    d. On or before January 16, 2026, plaintiff shall submit her brief and any supporting materials in support of her request for attorneys' fees, including itemized time records, invoices, and proof of payment of such invoices by plaintiff. On or before February 13, 2026, defendants shall submit their opposition. If defendants challenge the reasonableness of plaintiff's fee request in that opposition, their counsel shall also contemporaneously submit its itemized time records, invoices and proof of payment of such invoices. Plaintiff's reply, if any, is due on or before February 23, 2026.

    e. The parties' requests are DENIED in all other respects.

2) The Clerk of Court is directed to substitute Jennifer Mnookin for Rebecca Blank as a defendant in this case.

Entered this 16th day of December, 2025.

                  BY THE COURT:

                  /s/

                  _____

                  WILLIAM M. CONLEY
                  District Judge